Dated: August 26, 2015

The following is ORDERED:





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-12627-JDL |
| Timothy Lorn Albro, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |
| Randall Saner and ) | |
| Charles Saner, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 14-1075-JDL |
| ) | |
| Timothy Lorn Albro, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION DENYING SUMMARY JUDGMENT

#### Introduction

In this adversary proceeding, Plaintiffs Randall Saner and Charles Saner (collectively "Saner") seek a determination that their claim against Debtor, based on an

Oklahoma State District Court judgment, is excepted from discharge under 11 U.S.C. § 523 (a)(2)(A)[1], i.e. false pretenses, false representation and actual fraud. Before the Court are *Debtor's Motion for Summary Judgment* (the *Motion*") [Doc. 17] and Saner's *Response to Debtor's Motion for Summary Judgment* [Doc. 23], both based on the doctrine of issue preclusion.[2]

## Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of reference entered in this District pursuant to LCvR 81.4. This is a core proceeding to determine the dischargeability of a debt pursuant to 28 U.S.C. § 157(b)(2)(I).

## Facts

On March 27 2009, Saner sued Debtor Timothy Albro ("Albro") and his limited liability company in the District Court of Kingfisher County, Oklahoma, for breach of contract and fraud arising out of contracts for Albro to construct two homes located in Oklahoma City, Oklahoma. With regard to the fraud claim, Saner alleged in the Petition:

> "In connection with the contracts and agreements set forth herein, Defendants knowingly and willfully employed certain devices, schemes, and artifices to defraud; made untrue, deceptive and misleading statements of material fact; omitted to state certain material facts which were essential in light of

---

[1] Hereinafter, references to the United States Bankruptcy Code, 11 U.S.C. §§ 101 - 1330, will be by section number only.

[2] Saner has not filed a pleading denominated "Motion for Summary Judgment"; rather, Saner filed *"Plaintiff's Response To Debtor's Motion For Summary Judgment"* (the "*Response*"). In the *Response*, Saner "respectfully requests that the Court grant summary judgment and determine that Debtor is denied a discharge of these debts . . ." The Court, therefore, is treating Saners' *Response* as a Counter-Motion for Summary Judgment.

2

> the circumstances not to mislead; and engaged in acts, practices and courses of business which operated as a fraud and deceit upon plaintiffs. Defendants' aforesaid representations were false, Defendants knew said representations were false and made by them with the intent to deceive and defraud Plaintiffs."

Albro (defendant in the state court case ) filed an entry of appearance by counsel on April 20, 2009.  When counsel withdrew on August 13, 2009, the Court ordered defendant to obtain new counsel or enter his appearance pro se in 30 days or default judgment would be entered against him and his company.  The Defendant did not so enter an appearance, and the court placed the matter on its civil disposition docket with notice that the failure to appear may result in a default judgment being entered.  On May 19, 2010, judgment by default was entered against Debtor as to liability only.  The Journal Entry of Judgment included a finding " that the allegations of Plaintiff's Petition are deemed true as therein set forth".  The court set a hearing on the determination of Plaintiff's damages.

At the hearing to determine damages held on January 20, 2012, Debtor appeared in person and by counsel, and at the conclusion of the hearing the Court directed the parties to submit proposed findings of fact and conclusions of law.

In the Findings of Fact entered by the court in its March 7, 2012 Order, the court found, *inter alia*, that:

> (1) "Defendant breeched (sic) its contract with Plaintiffs by not paying subcontractors and suppliers causing mechanic's and materialman's liens to be filed on the subject properties.
>
> (2) That Plaintiff, Randall Saner, is entitled to damages against the Defendants for breech (sic) of contract . . . in the total amount of $52,060.43.

3

> (3) That Plaintiff Charles Saner is entitled to damages against the Defendants for breach of contract in the building of his home . . in the total of $19,557.20."

While Saner had submitted proposed findings of fact of fraud in language identical to that contained in their Petition referred to above, the court made no such findings; rather, the court found that "Plaintiffs are entitled to punitive damages based on the Defendant's default and the evidence presented". The amount of punitive damages it awarded was $15,000 to each of the two Plaintiffs.

On June 22, 2014, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Saner filed this adversary proceeding on August 28, 2014, seeking to have the fraud portion of the state court judgment against Debtor excepted from discharge under § 523(a)(2)(A). Both Saner and Debtor now move the Court for summary judgment in their favor, asserting that the state court's findings and conclusions accompanying the judgment preclude relitigation of the § 523(a)(2)(A) claims under the principles of issue preclusion.

## Summary Judgment Standards

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact". *Celotex*

4

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is supported by evidence.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied.  Hearsay evidence cannot be considered on a motion for summary judgment.  *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

When considering a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment.  See, *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment"._); *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).  Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party".  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986).  No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment.  See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578, 106 S. Ct. 1348 (1986) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial").

"[T]he non-moving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof".  *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998).  When issue preclusion bars the parties from relitigating material issues, summary judgment may be granted.  *Ross v. Alaska,* 189 F.3d 1107, 1113 (9th Cir. 1999).

### **Fraud Under § 523(a)(2)(A)**

Saner seeks to have the debt declared nondischargeable under § 523(a)(2)(A) which excepts from an individual debtor's discharge "any debt money, property, services, or an extension , renewal, or refinancing of credit . . . obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition".  To prevail on a claim under § 523(a)(2)(A), a plaintiff must prove, by a preponderance of the evidence: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the debtor's representation caused the creditor to sustain a loss.  *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, (10th Cir. 2009), citing *Fowler Bros. v. Young (In re Young )*, 91 F.3d 1367, 1373 (10th Cir. 1996); *In re Lemke,* 423 B.R. 917, 921 - 922 (10th Cir. BAP 2010).

The elements of the fraud claim under § 523 (a) (2)(A) are the same as for common law fraud under Oklahoma law.  *Ramsey v. Fowler*, 1957 OK 61, 308 P.2d 654; *Steiger v. Commerce Acceptance of Oklahoma City, Inc.*,1969 OK 78, 455 P.2d 81, 86; *State ex rel. Southwestern Bell Telephone Co. v. Brown,* 1974 OK 19, 519 P.2d 491.  Saner contends the state court's  "fraud judgment" precludes relitigation of the elements of its § 523(a)(2)(A), thus entitling him to summary judgment.

**Issue Preclusion**[3]

The doctrine of issue preclusion bars relitigation of determinations necessary to the ultimate outcome of a prior proceeding. *Bobby v. Bies*, 556 U.S. 825, 129 S.Ct. 2145, 2149 (2009). Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009). The doctrine of issue preclusion may be invoked to preclude relitigation of the factual issues underlying a determination of dischargeability. *Grogan v. Garner*, 498 U.S. 279 , 284, 111 S. Ct. 654 (1991); *Nelson v.Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605, 606 (10th Cir. 1991).

The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the preclusion law of the state in which a judgment is rendered. *Cobb v. Lewis (In re Lewis)* 271 B.R. 877, 883 (10th Cir. BAP 2002), citing *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327 (1985). Under Oklahoma law, the doctrine of issue preclusion has been stated as follows:

> "Under the doctrine of issue preclusion, once a court has ruled upon the issue of fact or law necessary to its judgment, the same parties may not relitigate the issue in a suit brought for a different claim. This doctrine bars relitigation of facts and issues actually litigated and necessarily litigated in an earlier proceeding between the same parties. An issue was actually litigated if it is properly raised in the pleadings or otherwise, submitted for resolution, and in fact decided. An issue is necessarily determined if the judgment would not of been rendered but for the ruling on that issue. Further, the party against whom issue preclusion is interposed must have had a full and fair opportunity to litigate the critical issue in the previous case".

---

[3] The Tenth Circuit refers to collateral estoppel as issue preclusion and res judicata as claim preclusion.

*Nealis v. Baird*, 1999 OK 98, 996 P.2d 438, 458; See also, *Miller v. Miller,* 1998 OK 24, 956 P.2d 887, 897; *Oklahoma Department of Public Safety v. McGrady, 2007 OK 39, 176 P.3d 1194, 1199 ,* citing *State ex rel. Oklahoma Bar Association v. Giger ,* 2004 OK 43, 93 P.3d 32, 38.

In the present case, the court must decide if the issue of fraud was "actually litigated" and whether the debtor had a "full and fair opportunity" to litigate in the state court action. The state court decided the case in two stages - liability and damages. In neither stage did the court make an explicit finding of fraud. First, the issue of liability was determined by a Journal Entry of Judgment entered on May 19, 2010, by reason of Defendant's failure to obtain new counsel or enter an appearance pro se as previously ordered by the court. The court therefore found "the Defendants are in default and have thus admitted the substantial allegations of the petition . . . and the Court finds that the allegations of the Plaintiff's Petition are deemed true as set forth therein". [Doc. 23 - Ex. 7]. Second, in the stage determining damages after a full hearing at which the Defendant appeared and testified and after the submission of proposed findings of fact and conclusions of law the court awarded both actual and punitive damages.

Generally speaking, default judgments entered by federal courts are not given collateral estoppel effect because issues of fact and law were not "actually litigated". However, the "full and fair opportunity to litigate" requirement is not applied in lieu of the "actually litigated" element under Oklahoma law and in the Tenth Circuit, but is, in fact, a separate requirement. Albro was afforded the opportunity of his "day in court "before the entry of judgment on liability, and he would have another opportunity of another "day in court" on the issue of damages. Therefore, the "full and fair opportunity" requirement for

8

issue preclusion was met. With respect to the second requirement, Saner must show that the relevant issues were "actually litigated", a requirement which is not demonstrated with respect to the order entering judgment on liability by default.

Oklahoma courts require a party relying on issue preclusion to "produce-as proof of its terms, effect and validity - the entire judgment roll for the case which culminated in the decision invoked as a bar to relitigation". *Salazar v. the City of Oklahoma City*, 1999 OK 20, 976 P.2d 1056, 1061. Without the judgment roll no court can determine with the requisite degree of certainty what claims were pressed for adjudication in which of the tendered issues were actually litigated and decided. *Salazar*, 976 P.2d at 1062. Bankruptcy courts in Oklahoma have recognized that the party seeking to rely on a judgment for preclusive force has the obligation to produce the entire judgment roll to the case in which the judgment was entered. *Factoring of Oklahoma, L.L.C. v. Means (In re Means)*, 2006 WL 2847903 (Bankr. N.D. Okla. 2006 ), citing *Gouskos v. Griffth*, 122 Fed Appx. 965, 974 (10th Cir. 2005); *Marks v. Hentges (In re Hentges)*, 373 B.R. 709, 726 (Bankr. N.D. Okla. 2007); *Apache Tribe of Oklahoma v. Brown (In re Brown)*, Adv. 13-01027-SAH (Bankr. W.D. Okla., Slip Opinion, August 17, 2015).

The crucial issue before this court is whether the record in the state district court is sufficiently clear in a determination of fraud on the part of Albro so as to have a preclusive effect in the determination of fraud for dischargeability purposes in the present case. The Court finds that the Plaintiff has met the requirement for issue preclusion purposes of providing a complete judgment roll from the state court action. The next question for the

Court is whether that judgment roll is sufficiently informative so that this Court can determine whether the issue of fraud was sufficiently determined.

Plaintiffs' Petition had alleged causes of action in both contract and in fraud. As stated above, the May 19, 2010, Journal Entry of Judgment found that the "allegations of the Plaintiff's Petition are true" as a result of the Defendants default under the Court's previous order". The state court never explicitly found that Defendant had committed fraud. Bankruptcy courts are to look beyond labels given by state courts and determine the "true nature" of a judgment to determine whether the set of facts presented to the state court would result in a nondischargeable debt under § 523 of the Bankruptcy Code. This exercise cannot be performed unless a "sufficiently detailed" record is presented to support the judgment.

Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific factual findings on the identical dischargeability in question - that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue- and the facts supporting the court's findings are discernible from that court's record. Unfortunately, the court's judgments of May 19, 2010, and March 7, 2012, do not mention the nature of the claim for which punitive damages was awarded. The term "fraud" is not even mentioned in either judgment. The judgments therefore lack sufficient detail - in facts or analysis - by which it can be with any degree of certainty determined, either way, that the court "actually litigated" the issue of whether the Albro had committed intentional fraud on the Saner. See *In re Roberts,* 505 B.R. 555, 567 (Bankr. N.D. Okla. 2014). The state Court's seemingly contradictory finding of only actual damages for breach of contract, not even mentioning fraud and yet awarding punitive damages, makes it difficult, if not impossible, for this Court

to determine whether any fraud was found.  Can this Court glean the actual litigation of the fraud issue by the award of punitive damages alone?

Generally, Oklahoma law prohibits the award of punitive damages in a contract action. 23 O.S. § 9.1(A).  A breach of contract alone cannot support an award of punitive damages; the plaintiff must recover damages for tort before recovering punitive damages. *Norman's Heritage Real Estate Co. v. Aetna Casualty and Surety Co.*, 727 F.2d 911, 916 (10th Cir. 1984).  The Oklahoma courts have allowed punitive damages, however, even when the parties' relationship is basically contractual, if the breaching party's acts constitute "an independent, willful tort".  *Zenith Drilling Corp. v. Internorth, Inc,* 869 F.2d 560 (10th Cir. 1989 ); *Z.D. Howard Co. v. Cartwright*, 1975 OK 89, 537 P.2d 345, 347.  The punitive damage statute, 23 O.S. § 9.1(A ), expressly states that only specific types of behavior will permit an award of punitive damages.  The statute requires proof of actual or presumed malice, oppression, fraud, or wanton or reckless disregard of another's rights. *Fuller v. Neundorf*, 1956 OK 31, 293 P.2d 317.  "If the plaintiff seeks punitive damages in excess of actual damages, at least one of these enumerated types of behavior must be shown with clear and convincing evidence*".  Rodebush v. Okla.Nursing Homes, Ltd.,* 1993 OK 160, 867 P.2d 1241, 1247.

Courts are divided on the issue as to whether an award of punitive damages without a specific finding of fraud is sufficient for issue preclusion purposes in a subsequent bankruptcy case.  See, *Miller v. Grimsley (In re Grimsley* ), 449 B.R. 602 , 618 (Bankr. S.D. Ohio 2012) (stating "that a bankruptcy court in a dischargeability case may infer a finding of fraud by a non-bankruptcy court awarding punitive damages when the award of punitive

11

damages necessarily requires a finding of the requisite non-dischargeability elements"); *Cal-Micro, Inc. v. Cantrell (In re Cantrell )*, 329 F.3d 1119 (9th Cir. 2003); *Z-Tex, Inc. v. Goldfarb (In re Goldfarb)*, 2006 WL 3513624 (Bankr. S.D.N.Y. 2006) (New York law requiring a finding of fraud as a predicate to the imposition of punitive damages in a breach-of-contract case necessarily meant that the "state court's assessment of punitive damages constituted a determination that the debtor acted with actual fraud in his breach of contract with the judgment creditors"). But compare, *In re Springhart*, 450 B.R. 725 (Bankr. S.D. Ohio 2011); *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (6th Cir. BAP 2002) ("One cannot assume that the merits were determined by either a default judgment itself or an award of punitive damages in conjunction with a default judgment".).

As this Court sees it, the best evidence for a court to determine the merits of a claim would be findings of fact and conclusions of law by the court entering the judgment. A review of the state court judgment roll reveals that the punitive damage award standing alone is not a substitute for a finding of fraud entitled to preclusive effect in this bankruptcy action. Only findings, or something like them, will show whether the state court actually decided the fraud question.

Following hearing on damages, the state court requested the parties to submit proposed findings of fact and conclusions of law. On February 21, 2012, Saner submitted his proposed findings of fact and conclusions of law which included a proposed fact in ¶ 2 that Saner had suffered actual damages "as a direct and proximate cause of the breach of contract by the Defendants and the fraud practiced on the Plaintiff's". In ¶ 9 of his Proposed Conclusions of Law, Saner stated that the Defendants "knowingly and

willfully employed certain devices schemes, and artifices to defraud . . . and engaged in acts, practices and courses of business which operated as a fraud and deceit upon Plaintiffs".

Yet the court did not adopt those proposed findings. There was absolutely no mention of the word "fraud" in the Court's order. The court did award $15,000 to each of the Plaintiff's for "punitive damages based on the Defendant's default and the evidence presented", but the only actual damages were awarded for breach of contract which, as a matter of law, cannot support an award of punitive damages. Thus, the court awarded punitive damages with no actual damages for an underlying tort claim to support them. The court shouldn't have done this, but it did. *Eckels v. Traverse*, 1961 OK 138, 362 P.2d 680, 683 ("The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages".); *Rodebush v. Okla. Nursing Homes, Ltd.*,1993 OK 160, 867 P.2d 1241 ("Punitive damages are generally considered to be an element of recovery of the underlying cause of action, and does not constitute a separate cause of action".). Only those damages relating to the fraud found by the state court may be given preclusive effect in this proceeding since it is only a claim arising from fraud which is nondischargeable. The problem is the Court didn't find any damages based on fraud, only in contract.

Saner, as the plaintiff herein, has the burden of proving his § 523(a) claims, and to the extent he seeks to prove fraud through issue preclusion, he carries that burden also. The party asserting preclusion bears the burden of establishing the threshold requirements. This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action". *Kelly v. Okoye (In re Kelly )* 182 B.R. 255, 258

(9th Cir. BAP 1995). Ultimately, "any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the issue preclusive affect ". Id. The record in the state court litigation presented to this Court is not sufficient to support a fraud claim that is nondischargeable under § 523(a)(2)(A).

### Defendant's Motion for Summary Judgment

Albro has moved for summary judgment on the basis that the state court's lack of findings with regard to fraud establishes a preclusive effect upon Saner's § 523(a)(2)(A) claims. Defendant's Motion, however, suffers from the same infirmity that the Court has discussed above with regard to Saner's *Motion for Summary Judgment*, i.e., the uncertainty of what the state court found (or didn't find) with regard to the fraud claims compels the conclusion that the state court judgments taken together are not sufficiently detailed to support either Saner's or Albro's argument for the application of issue preclusion in this adversary proceeding. The state court just gave too many "mixed signals" to determine what it actually litigated and found.

### Conclusion

The District Court of Logan County Oklahoma Orders (Judgments) entered as to liability and damages are not entitled to preclusive effect as to the elements of Plaintiffs' claims pursuant to 11 U.S.C. § 523(a). For these reasons, the Motions for Summary Judgment filed by Plaintiffs and Defendant are denied, and the issue of the dischargeability of Defendant's debt to Plaintiffs will proceed to trial on **September 14, 2015, at 9:30 A.M.**

# # #